1

2

3

4               UNITED STATES DISTRICT COURT

5               EASTERN DISTRICT OF CALIFORNIA

6

7    RODERICK WASHINGTON,              )        1:07-cv-01081-LJO-GSA-PC
                                       )
8         Plaintiff,                   )        ORDER DENYING MOTIONS FOR
                                       )        THE APPOINTMENT OF COUNSEL
9         vs.                          )        AND FOR LEAVE TO FILE THIS
                                       )        ACTION, AND DISMISSING ACTION
10   ARNOLD SCHWARTZENEGGER, et al.,    )        WITHOUT PREJUDICE
                                       )
11                                     )        (Docs. 1, 2, and 4)
          Defendants.                  )
12   _____)

13        Plaintiff Roderick Washington ("plaintiff") is a state prisoner proceeding pro se and is housed

14   at California State Prison-Corcoran.  Plaintiff submitted a civil rights complaint concerning a myriad

15   of conditions of confinement accompanied by a motion for the appointment of counsel and for

16   leave to file the action on the ground that plaintiff is in imminent danger.  The Clerk's Office in the

17   Sacramento Division opened the action on July 9, 2007, in error and in contravention of the

18   Prefiling Order in place, and then transferred the action to this division.

19        Plaintiff is subject to a Prefiling Order issued by the undersigned on March 26, 2003, in case

20   number 1:99-cv-06590-OWW-LJO PC Washington v. Early.  Pursuant to the Order, plaintiff is

21   enjoined from filing suit in this district unless he either (1) pays the $350.00 filing fee in full at the

22   time he files suit or (2) makes an evidentiary showing, with documentation, that he is in imminent danger

23   of serious physical injury. 28 U.S.C. § 1915(g).[1]  Any documents submitted by plaintiff that

24   _____

25        [1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section [i]f
     the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or
26   appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state
     a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
27   Plaintiff is subject to both section 1915(g) and this Court's Prefiling Order.

28                                          1

1    do not make this showing are to be returned to plaintiff and no civil action is to be opened.

2    This action, which was not accompanied by the $350.00 filing fee, was opened in error by

3    the Clerk's Office prior to a prefiling review by a judge.  Plaintiff's complaint and motion for leave

4    to file this action have been reviewed and they do not meet the requirements of the Prefiling Order.

5    Specifically, plaintiff has made no showing supported by evidence that he is under imminent danger

6    of serious physical injury, as required by the Prefiling Order. (Doc. 1.)

7            Concerning plaintiff's motion for the appointment of counsel, district courts lack authority

8    to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States District</u>

9    <u>Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain

10   exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28

11   U.S.C. § 1915(e)(1).  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable

12   method of securing and compensating counsel, this Court will seek volunteer counsel only in the

13   most serious and exceptional cases.

14           In the present case, the Court does not find the required exceptional circumstances. See

15   <u>Rand</u>, 113 F.3d at 1525.  Even if it is assumed that plaintiff is not well versed in the law and that he

16   has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

17   This Court is faced with similar cases almost daily.  Further, plaintiff is subject to a Prefiling Order

18   and has not met the requisite showing to be allowed to pursue this action without payment of the

19   filing fee in full. Therefore, plaintiff's request for the appointment of counsel shall be denied.

20           Accordingly, it is HEREBY ORDERED that:

21           1.      Plaintiff's motion for the appointment of counsel is DENIED;

22           2.      Plaintiff's motion for leave to file the action on the ground that he is in imminent

23   danger is DENIED; and

24           3.      This action is DISMISSED, without prejudice, pursuant to the Prefiling Order.

25

26   IT IS SO ORDERED.

27   **Dated:   October 25, 2007**                    /s/ Lawrence J. O'Neill

28                                                          2

UNITED STATES DISTRICT JUDGE